UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JIMMY LEE ROBINSON,

    Petitioner,

v.        CASE NO. 6:05-cv-1241-Orl-31DAB

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 7) to the petition for writ of habeas corpus. Petitioner was provided with the opportunity to file a reply, but he failed to do so.

*Procedural History*

Petitioner and another individual were charged in an eleven-count information with the commission of various crimes. Petitioner was charged in counts one through eight, and ten. A jury trial was held, and the trial court granted Petitioner's motion for a judgment of acquittal as to count six. The jury subsequently found Petitioner guilty as to the remaining counts (one through five, seven, eight, and ten); however, the trial court later vacated the convictions as to counts three and seven. On August 22, 2001, the trial court adjudicated Petitioner guilty of attempted second degree murder (count one), home invasion robbery (count two), two counts of kidnaping with intent to

inflict bodily harm or terrorize (counts four and five), aggravated assault with a firearm (count eight), and possession of a firearm in the commission of a felony (count ten). Petitioner was sentenced to life imprisonment for each of counts two, four, and five; imprisonment for a term of fifteen years as to each of counts one and ten; and imprisonment for a term of five years as to count eight. The sentence in count one ran consecutively to the sentences in counts two, four, and five; the sentences in counts two, four, and five ran concurrently with each other; and the sentences in counts eight and ten ran concurrently to the sentences in counts two, four, and five.

Petitioner filed a direct appeal, and the state appellate court affirmed *per curiam* on September 24, 2002. Mandate issued on October 11, 2002.[1]

On September 2, 2003, Petitioner filed a Rule 3.850 motion with the state trial court,[2] which was denied on December 10, 2004. The state appellate court affirmed the denial *per curiam* on March 15, 2005. Mandate was issued on April 1, 2005.

On July 15, 2005, Petitioner filed a habeas petition in this Court, *see* case number 6:05-cv-923-Orl-28KRS, which was dismissed without prejudice on July 22, 2005.

***Petitioner's Habeas Petition is Untimely***

Pursuant to 28 U.S.C. § 2244,

>  (d)(1)  A 1-year period of limitation shall apply to an application for a writ

---

[1] During the pendency of the appeal, Petitioner filed a motion to correct sentence, which was granted in that all of the sentences were to run concurrently.

[2] Under the "mailbox rule," the motion would be deemed filed on the date the motion was submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>   (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the present case, Petitioner's conviction became final under Florida law on October 11, 2002, when the state appellate court issued mandate with regard to his direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal."). However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on December 23, 2002, which was ninety days after entry of the appellate court's order affirming *per curiam*. *See* Sup. Ct.

R. 13(3).[3] Petitioner then had until December 23, 2003, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's initial federal habeas petition was file-stamped by the Clerk's office on August 24, 2005, but was deemed filed on August 18, 2005, under the mailbox rule.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his Rule 3.850 motion with the state trial court, on September 2, 2003, 252 days of the one-year period had run. Those proceedings concluded on April 1, 2005, when the state appellate court issued mandate with regard to the affirmance of the trial court's denial of his Rule 3.850 motion, and the one-year period expired 113 days later on July 23, 2005. Thus, the instant habeas petition was untimely.[4]

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[3]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

[4]The Court notes that Petitioner's prior federal habeas petition did not toll the one year period. *Duncan v. Walker*, 533 U. S. 167, 181-82 (2001) (holding that § 2244(d)(2) does not toll the limitations period during the pendency of a prior federal habeas corpus petition)

1. The Petition for Writ of Habeas Corpus filed by Jimmy Lee Robinson is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 9th day of June, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 6/9
Counsel of Record
Jimmy Lee Robinson